## Henry P. Newman v. William A. Tichenor.

1.  CONTRACTS—*Where Undertakings Are Mutual and Dependent.*— Where undertakings are mutual and dependent plaintiff must show compliance on his part or facts excusing it.

2.  INSTRUCTIONS—*Setting Out the Proper Measure of Damages.*—An instruction setting out and defining the proper measure of damages should be given.

Trespass on the Case, on promises.  Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge presiding.  Heard in this court at the March term, 1902.  Reversed and remanded.  Opinion filed February 26, 1903.

J. W. NEWMAN and L. S. HODGES, attorneys for appellant.

BENJAMIN F. RICHOLSON and JOHN P. AHRENS, attorneys for appellee; C. STUART BEATTIE, of counsel.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

October 15, 1894, the parties hereto entered into a written contract, by which appellee, a young physician, agreed to purchase from appellant, an older and an established physician, the premises known as No. 492 West Adams street, in the city of Chicago, "together with the good-will of his (appellant's) general practice in so far as it can be sold or transferred," for the sum of $12,000, of which $10,000 was to be paid on delivery of the deed, and the balance of $2,000 "shall be paid in a note of said Tichenor, guaranteed by Henry D. Laughlin," payable one year from the date of the delivery of the deed. Appellant expressly reserved his practice as a specialist in gynecology and abdominal surgery.

For the purpose of establishing appellee in said practice, and in order to effectually transfer to him the good-will of the business, the parties entered into a copartnership in the practice of medicine and surgery, to continue from the date of the contract to December 31, 1895. All fees earned during said term (excluding those fees coming to appellant from his reserved specialty) were to be divided equally between them. Appellant was to keep an office hour every week day at No. 492 West Adams street, or at a near-by private hospital which he intended to establish; was to make known to his patrons the fact of the partnership; was to introduce appellee to their families as a physician and a man worthy of their confidence; was to send appellee to answer calls wherever not objected to by the patient; and was to do whatever he reasonably could to install or establish appellee as his successor in said practice.

The contract contained a further provision, which reads as follows:

"Said Newman guarantees to said Tichenor that the share of Tichenor in the actual earnings and receipts of the copartnership, prior to December 31, 1895, shall be at the

rate of as much as twenty-five hundred dollars ($2,500) per annum, and that if it be less, he will credit the amount of the difference between what it is at the end of the term, and said guaranteed sum on said two thousand dollar ($2,000) note, if not paid, and if paid, will repay the amount of such difference to him within thirty days after that date."

Thereafter the premises described were conveyed to appellee, and he paid to appellant the $10,000 in cash, but did not then, nor did he ever after, make and deliver the said $2,000 note. The duties of the copartnership were taken up by the parties, but their relations soon became strained, appellee claiming that appellant failed and refused to do what he reasonably and properly could to install or establish appellee as his successor in said practice.

In May, 1896, after the partnership had expired by limitation, appellee brought an assumpsit against appellant, alleging many acts of omission and commission under this contract upon the part of appellant by which he was damaged, but pleaded no excuse for not giving the $2,000 note. A trial resulted in a judgment in favor of appellee. Upon appeal the Supreme Court (186 Ill. 264) reversed and remanded the cause, holding, among other things, that it was incumbent on appellee to allege in his declaration compliance on his part with the obligations of the contract, or to allege facts excusing such performance; for the undertakings of the parties to this contract were not independent, but were mutual and dependent.

After the case was again docketed in the Circuit Court, appellee amended his declaration, by alleging, in effect, that at the time the deed was delivered and the $10,000 was paid, he was ready, able and willing to give said $2,000 note, but appellant did not then demand the same and waived the giving of it for ———— months thereafter; that when appellant did demand said note, the original contract was in the control of appellant, and appellee said he did not remember the terms and description of the note and could not execute it before seeing the contract, and that if appellant would produce the contract, he, appellee, would

deliver to him the note executed and guaranteed as provided for in such contract; that appellant replied that he would deliver the contract to appellee, which was never done; and that therefore appellee was excused, etc. The second trial ended in a judgment for appellee in the sum of $1,500. From that judgment this appeal is taken.

We are of the opinion that appellee failed to establish the allegation of his amended declaration justifying or excusing his failure to execute and deliver the $2,000 note called for in the contract. Mr. L. S. Hodges, for many years a member of the Chicago bar, of excellent reputation, who held this contract for both parties, testifies that in May, 1895, appellee came to him to see the contract; that the witness handed it to him and he examined it; that thereupon appellee desired to take it away; that the witness said it had been left with him by both parties, and he could only let him have it on the order of the appellant; that in a few days appellee came again with a letter from appellant, dated May 22, 1895, reading, " Please let bearer, Dr. W. A. Tichenor, have a copy of our contract," signed by appellant; that thereupon the witness had a copy of the contract prepared, and says : " I handed it to Dr. Tichenor personally in my office." This interview is not denied by appellee. The most he says is that he does not remember, and that he would not swear that Mr. Hodges did not give him a copy of the contract; that he never saw a copy of the contract until the year 1896.

Again, in July, 1895, certain matters in dispute between the parties hereto, relating to the private hospital established by appellant, were submitted to Francis A. Riddle, Esquire, for arbitration. A copy of the contract was furnished to the arbitrator in July, 1895. Appellee said, " Mr. Riddle had a copy, but I did not take it to him;" but afterward this occurred: "Q. You had a copy then and submitted it to arbitration before? A. Not to Judge Shope. Q. To Mr. Riddle? A. Yes, sir."

It is clear from this record that prior to August, 1895, appellee had a copy of this contract; and therefore, at

Newman v. Tichenor.

least five months before the partnership expired he could have ascertained the terms and conditions of, and have executed and delivered the $2,000 note. This he failed and neglected to do. It was a condition precedent. Until he performed that condition, or gave a sufficient excuse for not so doing, his cause of action, if any he had, did not arise. He neither did the one nor did he show the other. Hence he can not recover on the present record.

The guaranty clause of the contract above quoted measures the liability of appellant for any failure on his part to carry out the obligations of the contract. Appellant guaranteed that the share of appellee in the actual earnings and receipts of the copartnership should be at the rate of $2,500 per year during the life of the contract. No matter how clearly the default and misconduct of appellant be shown, the extent of recovery for the damages occasioned thereby can not exceed the maximum established by that guaranty. The life of the partnership from October 15, 1894, to December 31, 1895, is fourteen and one-half months. The guaranty at $2,500 per year amounts in that time to $3,020.82. Appellee admits that the face of the $2,000 note, which was never given or paid, should be credited to appellant. He also admits that during the life of the partnership its receipts and earnings amounted to $2,370. The one-half of this last sum belonged to appellee, i. e., $1,185. So that it appears appellee, upon a claim of $3,020.82, actually received and was credited with $3,185. We are unable to conceive of any reasonable theory upon which appellee is entitled to a money judgment on the evidence before us in this case.

The trial court refused instruction No. 4 tendered by appellant. It sets out and defines the proper measure of damages, as indicated in this opinion and as is decided by the Supreme Court. That instruction should have been given. We are of the opinion that the action of the court in refusing certain other instructions offered by appellant contains no reversible error.

For the reasons stated the judgment of the Circuit Court is reversed and the cause is remanded.